IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ROY GATES,

    Plaintiff,

v.

TODD THOMAS, Warden; A.
BOATRIGHT; P. COOPER,
Assistant Warden; M. BROWN,
Counselor; JOHN DOE LOTT,
former Unit Manager, and
JANE DOE LOTT, former
Counselor,

    Defendants.

CIVIL ACTION NO.: CV506-103

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Coffee Correctional Facility in Nicholls, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that prison officials denied him access to his "Xmas package," while allowing others to receive their packages. Plaintiff asserts that his package was returned to its sender twice, the "result of intentional malice, trickery or deceit." (Doc. No. 1, p. 5D). Plaintiff contends that he is the victim of retaliation and discrimination at the hands of Defendants.

Plaintiff fails to state any claim upon which relief may be granted. "The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." <u>Farrow v. West</u>, 320 F.3d 1235, 1248 (11th Cir. 2003). A prisoner can establish retaliation by demonstrating that the prison officials' actions were "the result of his having filed a

2

AO 72A
(Rev. 8/82)

grievance [or lawsuits] concerning the conditions of his imprisonment." Id. Plaintiff does not contend that Defendants retaliated against him as a result of his having filed grievances or lawsuits on previous occasions, or as a result of any other exercise of his constitutionally protected rights.

Furthermore, "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted). Plaintiff has failed to allege discriminatory treatment based upon any constitutionally protected interest. Even a liberal interpretation of Plaintiff's pleading does not reveal any factual basis for an equal protection claim.

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)